Note.—See under (1) 4 C. J. p. 749; 21 R. C. L. p. 579; 4 R. C. L. Supp. 1421. (2) 26 C. J. 367; anno. L. R. A. 1915F, p. 1213; 14 R. C. L. pp. 1327, 1328; 3 R. C. L. Supp. 384. (3) 26 C. J. p. 406; 14 R. C. L. p. 1349; 3 R. C. L. Supp. 388; 4 R. C. L. Supp. 965. (4) 26 C. J. p. 411, sec. 524. (5) 4 C. J. p. 955; 38 Cyc. p. 1319.

## AVERY et al. v. CURTIS et al.

No. 15726—Opinion Filed March 31, 1925.

(Syllabus.)

**Mandamus — Suit by Township Board Against Highway Commission for Return of Deposit Made for Highway Project—Refusal of Writ.**

In a mandamus action to compel the State Highway Commissioners to deliver to the officers of McElroy township $60,000, held by that agency of the state as a result of a contribution under a contract between the township and the State Highway Commission, where the township has performed its part of the contract and the State Highway Commission has rendered part performance of its contract in preparing plans and specifications of the roads to be constructed, held, the township cannot revoke its discretion once the same is exercised and rights are vested under contractual relation. Held, further. that a peremptory writ of mandamus should not issue.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by J. C. Curtis et al., township trustees, against Cyrus S. Avery et al., composing State Highway Commission. Judgment for plaintiffs, and defendants bring error. Reversed.

George F. Short, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for plaintiffs in error.

Poe & Lundy and R. E. Morgan, for defendants in error.

RILEY, J. This is a mandamus action commenced in the district court of Oklahoma county by J. C. Curtiss, L. E. Kelley, and G. A. Taylor, trustees of McElroy township, Pawnee county, Okla., and McElroy township, plaintiffs below, defendants in error, against Cyrus S. Avery, Roy Johnson, F. J. Gentry, State Highway Commissioners, and E. Bee Guthrey, Secretary of the State Highway Commission, defendants below, plaintiffs in error.

The action seeks to compel plaintiffs in error to deliver defendants in error the sum of $60,000, now held as a result of delivery of said sum of money by the officers of said McElroy township to the State Highway Commission under certain conditions

wherein McElroy township sought to secure state and federal aid in a road project. McElroy township had previously secured the said $60,000 by voting a bond issue for the purpose of constructing hard surfaced roads in that township.

Defendants in error filed their petition in the district court on July 29, 1924, and alleged that on January 16, 1923, McElroy township had voted to authorize the issuance of $100,000 in bonds for the purpose of "securing right of way and for the improvement of the public roads and highways in said township by draining, grading, and graveling same and for the purchasing and building of bridges and culverts." It further appears that the bonds were duly approved, issued, sold, and the proceeds delivered to the treasurer of McElroy township.

The petition of plaintiff alleges that the State Highway Commission and its secretary have in their possession and under their control the sum of $60,000 of the proceeds of the sale of said bond issue; that said sum belongs to McElroy township and that due demand in writing has been made upon the defendants for the delivery of said sum of money, without avail.

The honorable district court of Oklahoma county issued an alternative writ of mandamus to the State Highway Commissioners and the Secretary of the State Highway Commission, and on the 9th day of August, 1924, in compliance with said writ, the State Highway Commission and the secretary thereof filed their answer and return. The answer admitted the issuance of said bonds by the township, as aforesaid, and alleged that at the time of the issuance of said bonds it was represented to the voters of the said township, by the township board, that said roads would be improved in conjunction with state and federal aid and that such was the general understanding of the voters. The answer alleges that the township board placed on deposit with the State Highway Commission, on April 3, 1924, the sum of $25,000, proceeds of the sale of said road bonds, and made application for state and federal aid; that thereupon the said proposed road construction program in McElroy township was designated by the State Highway Commission as Federal Aid Project No. 108. The answer avers that the location of roads of McElroy township to be improved was not set out in the bond proceedings; that on March 18, 1924, the defendants, the Highway Commissioners, at the request of the township board, directed the state engineer to investigate Federal Aid Project No. 108 as to preliminary surveys, right of ways and character of roads to be built. That on April 29, 1924, the State Highway Commission instructed its secretary to advise the township board that if said board would make an additional deposit of $35,000, to apply on Federal Aid Project No. 108 and request the State Highway Commission to proceed with the surveys and locations of said proposed road the State Highway Commission would match the township money dollar for dollar in the cost of construction work thereon and press the same to completion; that notice of the action of the State Highway Commission was given to the township board, resulting in a conference between the township board and the State Highway Commission on May 20, 1924, at which time the State Highway Commission received the said $35,000 from the township board and directed the State Highway Engineer to proceed with the construction of the road designated as Federal Aid Project No. 108; that a written agreement was entered into between the State Highway Commission and the township board, wherein the State Highway Commission agreed to refund to the township board all money received in excess of the actual contract price of the construction of said roads. The answer alleges performance of the agreement and contract on the part of the township and part performance on the part of the State Highway Commission in the preparation of preliminary surveys, plans, etc., and the expenditure of $1,548.12 of the $60,000, deposited by the township. The answer alleges that the township now attempts to abrogate its contract because of a dispute and disagreement in the location of the route of said road. The answer has attached to it copies of petition of citizens of McElroy township protesting the return of the money demanded.

The district court, upon the hearing of the alternative writ of mandamus, sustained the contention of plaintiffs and issued a peremptory writ of mandamus directing the defendants to deliver to plaintiffs, as trustees of McElroy township, their warrant in the sum of $60,000 with accrued interest, less such sum as may have been expended therefrom as shown by the answer of defendants. The decree of preemptory writ of mandamus was stayed by order of the trial court pending appeal upon the making and filing of a supersedeas bond in the sum of $10,000, conditioned upon the payment of moneys involved in the controversy.

The Attorney General urges several assignments of error. We shall consider them as grouped in the main, as follows: First. That the honorable district court erred in holding that a peremptory writ of mandamus should issue and in, issuing said peremptory writ of mandamus against these plaintiffs in error. Second. That the court erred in requiring defendants to give bond to supersede the judgment of the court and stay the issuance of the peremptory writ of mandamus.

Counsel for defendants in error contend that there was no contractual relation existing between the parties. We do not think that the agreement in writing of May 20th, entered into between the officers of the township and of the State Highway Commission, is of any material effect so far as a contract is concerned, for the reason that the only consideration expressed therein, on the part of the Highway Dpeartment, for the delivery of the $35,000 additional, for the purpose of the road project, is that the Highway Department agreed to refund to the township all money received from it in excess of the actual contract price of improvements. Plaintiffs in error contend that this written agreement was merely collateral. At any rate, the instrument does not attain the dignity of a contract.

It appears that an offer of contract was made by the State Highway Commission on April 29, 1924, when that body advised the township board that if the township would make a deposit of $35,000 additional to the $25,000, then deposited for use on Federal Aid Project No. 108, the State Highway Commission would match the township's money dollar for dollar in the cost of construction of said roadways.

We find further that on May 20, 1924, this offer of the Highway Commission was accepted by the township board in that the said township board on that day, after notice of the offer had been sent them, deposited the $35,000 with the State Highway Commission. This, we think, constituted an offer and acceptance of contract. We find an agreement was entered into by and between the parties hereto; that each consented thereto for a lawful object. It is necessary to find whether or not the parties were capable of contracting. Section 10940, Comp. St. 1921, authorizes the township to "make all contracts that may be necessary and convenient for the exercise of its corporate powers." Section 10000, Comp. Stat. 1921, provides that the township board "shall have supervision and control over all roads and highways within their townships

not included within the limits of any city or town." Section 10044, Comp. St. 1921, under which the bonds in question were issued, provides that the township board may issue bonds "for the purpose of securing right of way and improving the public roads by draining, grading, graveling, macadamizing, and for the purchasing and building of bridges and culverts." While section 10000, supra, gives the township board jurisdiction over all roads, in the light of section 10940, supra, it is within the power of the board to contract and bind the township as to improvements on such roads as contemplated by section 10044. No mention of state or federal aid is found in the proceedings of the bond election, and certainly the township board only has such powers to contract for and on behalf of the township as are expressly delegated to it. In addition to the express power and authority delegated by section 10940, supra, to the township board to contract generally, specific authority is granted to such municipal subdivision to contribute funds to construct roads in conjunction with federal aid, by chapter 48, Session Laws of Oklahoma 1923-24. This act. it is, true, became effective March 14, 1924, more than a year after the voting of the indebtedness and after the money had been received by the township from the sale of the bonds, but shortly before the deposit of $60,000 was made by the township with the State Highway Commission.

Senate Joint Resolution No. 17, Session Laws of 1919, page 463, authorized the payment of claims for contributions toward federal aid projects into the hands of the Commissioner of Highways, and deposit of funds derived from payment of same in the state depositary. It was then optional with the officers of the township to contribute funds of the township to the State Highway Commission for the purpose of securing additional aid for the building of roads in McElroy township by virtue of expressed authority.

The act of the Legislature of 1923-24, chapter 48, provides:

"Townships are also authorized to participate with their funds and labor in the construction of the state highway or county highways constructed in that particular township, in the discretion of township government."

Defendants in error point out that the township had the privilege of exercising or withholding their discretion, or that it might change its views at any time so long as no fixed contractual rights had be-

come vested, because of its former action. We agree with this contention, and herein find that the McElroy township board exercised its discretion and contracted to enter into and participate with its funds with state and federal aid in the construction of roads within the township. This discretion was exercised by entering into a contract with the State Highway Commission, the agency of the state. The $60,000 in funds were delivered; the work on the project was begun in the preparation of plans and surveys, and we do not think that it matters that the expenditures for such work and plans were made from the $60,000. deposited by the township. The agency of the state had a fixed contractual relation with the municipal subdivision, in this case, and each of the parties stands upon the same foundation as if the township had contracted with a private corporation for the building of the roads, in so far as the contractual relations are concerned. The township has performed its part of the contract and now relies upon the State Highway Commission's promises made in the contract, wherein the commission is bound to secure dollar for dollar contributed for the construction and for the benefits of the roads of McElroy township. It appears that the State Highway Commission has caused surveys to be made and plans and specifications and estimates for construction to be prepared of this project. Rights have become vested under the contractual relation heretofore set out.

Webster's International Dictionary defines a vested right as being one "that has become a complete and consummated right; that has taken effect as an immediate fixed right to present or future enjoyment."

The Supreme Court of the United States, in the case of Pearsall v. Great Northern Ry. Co., 161 U. S. 646, 40 L. Ed. 838, in speaking of vested rights says:

"Rights are vested in contradistinction to being expectant or contingent. They are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant when they depend upon the continued acceptance of the present condition of things until the happening of some future event. They are contingent when they are only to come into existence on an event or condition which **may not happen or be performed** until some other event may prevent their vesting."

Section 1270, vol. 3, McQuillen on Municipal Corporations:

"A municipality, the same as an individual, cannot rescind its contract with another, except for just cause, unless it has expressly reserved the right to revoke."

When McElroy township deposited $60,000, proceeds of the sale of the road bonds, with the State Highway Commission, the township became vested with the right to have the State Highway Commission match the same with federal or state aid and to secure the value of the expenditure of $120,000 upon the roads of the township and to have the Highway Commission contract for the construction of roads in McElroy township. Wrightsman Pet. Co. v. Nesbitt, 101 Okla. 48, 222 Pac. 957; Mayberry v. Gaddis, 88 Okla. 286, 213 Pac. 316. And so, too, the State Highway Commission, as an agency of the state, was vested with right to use, and contract with, the $60,000, so deposited, for the purpose of constructing and building of said roads, for the interest, use, and benefit as may be gained therefrom, to the state. Indeed, it is possible that the federal government will not elect to match the money of McElroy township, yet, even in such event, there is the alternative of the Highway Commission to secure state aid which may be had from out of the state highway construction and maintenance fund under control and supervision of the State Highway Commission.

Having decided the issue thus presented, that a contract existed between the parties and that rights under the contract had become vested so that the township could not revoke its contract, we are of the opinion that the honorable district court erred in holding that a peremptory writ of mandamus should issue and in issuing such writ against the plaintiffs in error.

We find no necessity of passing upon the other assignment of error presented.

The honorable district court's ruling is hereby reversed with directions to dismiss this action.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.