BUTTREY v. GUARANTEED SECURITIES CO. et al.

No. 4729. Decided July 9, 1931. (300 P. 1040.)

*H. V. Van Pelt, S. P. Armstrong,* and *H. J. Robinson,* all of Salt Lake City, for appellant.

*Clarence Baird, Holmgren, Anderson & Russell, Bagley, Judd & Ray, Stewart, Alexander & Budge,* and *Leslie*

*Frazer,* all of Salt Lake City, and *De Vine, Howell & Stine* and *A. W. Agee,* all of Ogden, for respondents.

WOOLLEY, District Judge.

In this action, which is brought under the Blue Sky Law of 1919, plaintiff sued to recover judgment for $5,000, being the amount of the purchase price which she paid for fifty shares of the capital stock of the Guaranteed Securities Company, a corporation, at a time when said corporation had no permit to sell its capital stock within this state, as required by the statutes. Plaintiff also seeks damages in a sum equal to the interest on $5,000 computed at the legal rate of 8 per cent per annum from the time the money was paid over to the corporation.

The defendants named in the complaint are the Guaranteed Securities Company, a corporation, J. W. Cottrell, the agent of the corporation who made the sale to the plaintiff, and J. J. Morey, L. A. Bailey, Charles E. Hayes, Jas. P. Jensen, L. R. Mallory, J. W. Loofbourow, George E. Stoffers, Hyrum Hokanson, John Roundy, A. L. Cullimore, Jeremiah Stokes, and L. W. Robbins, who, it is alleged, were the directors of the said corporation at the time of the sale, and George H. Blood, receiver of the Guaranteed Securities Company, as such receiver.

The case was dismissed by stipulation as to Roundy before the trial, and during the trial it was dismissed as to Bailey, Loofbourow, Jensen, and Mallory; Cottrell defaulted; the receiver answered for himself as such receiver and for the Guaranteed Securities Company; all other defendants filed answers to the complaint.

The trial was had to the court without a jury. The court made and filed findings of fact and conclusions of law, and entered judgment as follows:

(1) That plaintiff have and recover of and from Guaranteed Securities Company the sum of $5,000, with interest on $100 thereof from November 17, 1924, and on $4,900

thereof from January 13, 1925, at the rate of 8 per cent per annum, and costs.

(2) That out of any funds now in, or hereafter to come into, his hands, which may be under the direction of the court, and be applicable for that purpose, the defendant, George H. Blood, as receiver of the Guaranteed Securities Company, pay to the plaintiff an amount not exceeding the amount of the said judgment against Guaranteed Securities Company, including the costs.

(3) That the complaint be dismissed as to Bailey, Jensen, Loofbourow, Roundy, and Mallory.

(4) That the complaint be dismissed as to Morey, Hayes, Stoffer, Hokanson, Cullimore, Stokes, and Robbins, directors, and Cottrell, agent, and that said defendants have and recover of and from the plaintiff judgment, no cause of action.

The plaintiff has appealed from that part of the judgment in favor of the defendants Morey, Hayes, Stoffer, Hokanson, Cullimore, Stokes, Robbins, and Cottrell; and George H. Blood, receiver, on his own behalf as receiver, and in behalf of Guaranteed Securities Company, undertakes to "cross-appeal" from the judgment and second amended judgment, and particularly from the portion thereof wherein it is decreed that plaintiff recover from defendant, Guaranteed Securities Company, $5,000, with interest and costs, and that said sum be paid to plaintiff by said receiver, and from that portion of said judgment wherein it is decreed that Cottrell have judgment against plaintiff, no cause of action.

The plaintiff has moved to dismiss the so-called cross-appeal on two grounds: (1) That it was not taken in time, and (2) that the receiver has failed to comply with the statutes relative to undertakings on appeal. A third ground is also suggested in the brief; namely, that since the corporation is not a respondent in plaintiff's appeal, therefore it has no right to take a cross-appeal.

There seems to be no merit in the first ground stated in the motion, or in the third ground suggested in the brief, and we pass them by without deciding them as the second ground appears to be well taken, and is sufficient to require a dismissal of the receiver's appeal.

The procedure upon appeal in this state is regulated· by statute. The statute ·points the way. It is provided that from all final judgments of the district courts there shall be a right of appeal to the Supreme Court. Comp. Laws Utah 1917, § 6990. An appeal may be taken within six months from the entry of the judgment or order appealed from. Section 6991. Any party to a judgment or decree may appeal therefrom. The party appealing is known as appellant, and the adverse party as respondent. Section 6993.

Section 6996 reads:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is· immaterial, but *within five days after service of the notice of appeal an undertaking shall be filed or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived in writing by the adverse party;* provided, that where the appellant makes and files with the clerk of the court from which the appeal is taken an affidavit in the form set out in § 2577, no bond on appeal shall be required; and where such affidavit is filed, the clerk of the court from which the appeal is taken shall certify that the appellant has made and filed an affidavit as provided for in § 2577." (Italics supplied.)

The receiver filed no undertaking on appeal; he deposited no money in lieu thereof; the undertaking was not waived in writing by the adverse party; and he filed no affidavit in the form set out in section 2577, which is the statute providing for affidavits which may be filed by poor persons in lieu of undertakings and costs. He is a

party appealing, and he is appealing from a part of the judgment with which the plaintiff is satisfied and from which she took no appeal. It seems clear enough, therefore, that he is required to comply with the provisions of section 6996, with respect to undertakings on appeal. This court has held, in *Provo Reservoir Co.* v. *Tanner,* 68 Utah 21, 249 P. 118, that where an appellant fails to comply with the provisions of that section, relative to undertakings on appeal, the appeal will be dismissed on motion of the adverse party. Hence, there seems to be nothing to do but grant the motion.

It is claimed, however, on behalf of the receiver that no undertaking is required of him because his is a cross-appeal, and the statutes do not apply to such appeals. But the statutes make no exceptions in favor of cross-appeals; by the plain import of their terms they apply to all appeals. Indeed, the term "cross-appeal" is not found anywhere in our statutes; though it has been used by this court in several cases to designate an appeal by a respondent against an appellant, or by a respondent against a respondent. *Guaranty Mtg. Co.* v. *Wilcox,* 62 Utah 184, 218 P. 133, 138, 30 A. L. R. 1324; *Rosenthyne* v. *Matthews-Mc-Culloch Co.,* 51 Utah 38, 168 P. 957; *Big Cottonwood Tanner Ditch Co.* v. *Shurtliff,* 49 Utah 569, 164 P. 856; *McCornick & Co.* v. *National Copper Bank,* 49 Utah 296, 163 P. 1097. It is a convenient term, also, by which to designate an appeal such as is attempted in this case by the receiver, who is a defendant against whom the plaintiff has not appealed, and who is seeking to bring up by way of appeal a part of the judgment which is not brought up by the plaintiff's appeal. But whatever name may be given to them, they are still appeals, and nothing else so far as the statutes are concerned. This one, at least, must be held to be within the provisions of the statute relating to undertakings on appeal.

The attempted appeal by the receiver on behalf of himself, as receiver, and on behalf of the Guaranteed Securities Company, a corporation, is therefore dismissed.

The outcome of plaintiff's appeal depends upon a construction of Special Session Laws Utah 1919, c. 17, § 24, upon which the action is founded, which reads as follows:

*"Any contract of sale made in violation of the terms of this chapter or without first applying for and receiving the license as herein required shall be unlawful and void and every person, firm, domestic or foreign corporation participating directly or indirectly in the sale of any security in violation of the terms of this act and every officer, director, and agent of any corporation where acting as an investment company or dealer, or agent, shall be liable to the purchaser in a civil action instituted in any court of competent jurisdiction for the amount of the purchase price paid and all damages the purchaser may sustain, without proof of actual or constructive fraud."*

The true meaning and application of that section in its relation to the personal liability of corporate officials and agents is the problem to be solved. Our ■ guide is the intention of the Legislature, and our duty is to give life and meaning to all of the provisions of the act, in accordance with such intention.

In this case, it appears from the trial court's findings, supported by undisputed evidence, that on or about November 17, 1924, at Salt Lake City, Utah, the Guaranteed Securities Company, through Cottrell, its agent, entered into a contract with appellant to sell her fifty ■ shares of its capital stock for a consideration of $5,000, that she paid $100 of the purchase price when the contract was executed and the balance of $4,900 on January 13, 1925, whereupon a certificate for the shares was issued and delivered to her; that during all of the period of time covered by the transaction with appellant, the respondents, all except Cottrell, were officers or directors of said corporation, and Cottrell was its agent appointed to sell its stock; that said corporation was an investment company, as that term is defined and used in the Blue Sky Law; and that it had no license from the securities commission to sell its stock within this state, such as is required by the provisions of the act.

It is appellant's contention that when she alleged and proved, and the trial court found, the foregoing facts, then she was entitled under the law to a judgment for $5,000, and damages equal to interest thereon computed at the legal rate from the time of payment against each and all of the respondents; that the trial court erred when it concluded otherwise; and hence the judgment must be reversed.

This contention implies a literal construction of the statute with which the court does not agree, because it would lead to unjust and absurd results which were not intended by the lawmakers. Moreover, it is a construction which is not required by the language of the statute, when properly read and understood.

It is apparent that the Legislature intended that directors, officers, and agents of corporations shall be personally liable to purchasers of Blue Sky securities which are sold in violation of the law, so that individuals may not go forth and foist such wares upon a credulous public, and then escape liability by hiding behind the fiction of a corporate name. The particular clause, wherein such intention is manifested, reads: "* * * and every officer, director, and agent of any corporation where acting as an investment company or dealer, or agent, shall be liable to the purchaser, etc.

Now that clause or sentence standing alone, and modified or qualified only by the language which follows it in the section, is in such general terms as to be meaningless and unenforceable. If read in that manner, it would relate to all sales by corporations, lawful as well as unlawful; to all officers, directors, and agents, those who may have been such long before a sale, those who become such long afterward, as well as to those who were such at the time of sale; to those who took no part whatever in a sale, as well as to those, who actually participated in it, which is not only unjust, but absurd as well. Evidently the clause needs to be read and understood as being qualified in some manner. If it be read and understood as being limited and qualified

by what precedes it in the section, as well as by what follows it, then the absurdities disappear, and the unjust consequences are avoided. Then we understand that it relates only to sales which are made in violation of the statute, which are void sales; only to officers, directors, and agents who are such at the time of the transaction, the officers and directors being charged with the duty of seeing to it that their corporation has complied with the law respecting licenses before the corporation sells its securities, and the agent as well as the officers and directors who sell securities being charged with the duty of knowing that such sale has been authorized by the commission, and only to those who participate directly or indirectly in the sale. The appellant tacitly concedes the first two propositions just stated, but contends that respondents are liable, whether or not they actually participated in the unlawful sale. But it seems to us that there is just as much reason to say that the phrase "participating directly or indirectly in the sale of any security in violation of the terms of this act" was intended to qualify and modify both of the propositions which follow it, and not just the one which immediately follows it, as there is to say that the first proposition stated in the section was intended to qualify the clause relating to personal liability of corporate officials and agents. As we understand it then section 24 means: (1) That any contract of sale made in violation of the terms of the act is void; (2) that every person, firm, or corporation participating directly or indirectly in the sale of any security, in violation of the terms of the act, shall be liable to the purchaser in a civil action instituted in any court of competent jurisdiction for the amount of the purchase price paid, and all damages the purchaser may sustain, without proof of actual or constructive fraud; and (3) that every officer, director, and agent of any corporation which is acting as an investment company, or which is acting as a dealer, or which is acting as an agent, and which sells any security in this state in violation of the terms of the act, who par-

ticipates directly or indirectly in such unlawful sale, shall be liable to the purchaser for the amount of the purchase price paid and damages sustained, without proof of actual or constructive fraud.

Such, we believe, is a more reasonable construction than that suggested by appellant. To give the section the construction which we here give it has not required us to add to or take away from the language used by the lawmakers, and life and meaning have been given to every word, phrase, clause, and sentence. This construction is supported in part by *Austin* v. *Berlin,* 13 Colo. 198, 22 P. 433.

It is suggested that knowledge concerning the license is also a requisite to personal liability of corporate officials and agents. It is argued that to hold individuals liable personally, who do not know that the corporation which they serve has no license to sell its stock, might lead to great hardship and injustice, and that the court ought to construe the statute so as to find such a requirement in it. But there is no language in the section that suggests an intention on the part of the Legislature to make knowledge of that fact a condition of liability. The omission of any allusion to the matter is indicative of a contrary intention, while the provision that the liability shall attach "without proof of actual or constructive fraud" pretty conclusively shows that it was intended that good faith concerning that matter should be no defense. Finally, if the liability be limited to those who actually participated, either directly or indirectly in the unlawful sale, no injustice or unmerited hardship can result, for the honest and pure in heart can always avoid liability by the simple expedient of not taking part in a sale, unless they know that the sale of the particular security has been licensed by the commission. It was not necessary for appellant to allege or prove knowledge concerning the license on the part of respondents.

Now the appellant did not allege in her complaint, and the trial court did not find, that any of the respondents

except Cottrell participated in the sale to her, nor did she allege any facts from which that fact might be inferred. That question was not tendered as an issue by the complaint, and the court did not find on it, though it was tendered in the answers of some of them. Therefore, the complaint does not state facts sufficient to constitute a cause of action as to any of them except Cottrell; hence, as to them, the judgment must be sustained, but the complaint and findings are sufficient to support a judgment against Cottrell, so as to him the judgment will have to be reversed, and the case remanded for a new trial.

There is still another question to be decided. Section 24 was repealed before this action was commenced by Laws of Utah 1925, c. 87, § 20, which contains a savings clause particularly relating to proceedings brought under Laws of Utah 1921, c. 131, but which does not relate to actions based on section 24. *Wilson* v. *Guaranteed Securities Co.*, 73 Utah 157, 272 P. 946, 947. The trial court being of opinion that the repeal destroyed appellant's cause of action against the individual respondents, concluded, therefore, that she was not entitled to judgment against any of them. In this respect we think the court was in error. Her cause of action was saved by Comp. Laws Utah 1917, § 5842, which provides, among other things, that the repeal of a statute does not affect any right which has accrued under or by virtue of the statute repealed. But if the general saving statute was not sufficient, her right of action was nevertheless within the protection of the Constitution and could not be destroyed by legislation. As the law stood at the time, the very instant she paid over her money on the unlawful and void transaction appellant had an absolute, a complete, and an unconditional right to sue every person who took part in the sale to recover the money. Nothing inchoate about such a right. It is not a penalty imposed by way of punishment for wrongdoing, but a right created to afford an adequate remedy to persons who have parted with their money for nothing at

all, against individuals who otherwise would not be liable, because they were acting for a corporation. It is a vested right, in the nature of a property right, and ought to be regarded as property in the sense that tangible things are property and equally protected by the Constitution against arbitrary interference by the Legislature. *Halling* v. *Industrial Commission*, 71 Utah 112, 263 P. 78. See also *State ex rel. Wayne County* v. *Hackman*, 272 Mo. 600, 199 S. W. 990; *Merchants' Bank* v. *Garrard*, 158 Ga. 867, 124 S. E. 715, 38 A. L. R. 102; *Steinfeld* v. *Nielsen*, 15 Ariz. 424, 139 P. 879; *United States* v. *Heinrich* (D. C. Mont.) 12 F. (2d) 938; *Arnold & Murdock Co.* v. *Industrial Commission*, 314 Ill. 251, 145 N. E. 342, 40 A. L. R. 1470; *Crump* v. *Guyer*, 60 Okl. 222, 157 P. 321, 322, 2 A. L. R. 331; *Avery* v. *Curtis*, 108 Okl. 154, 235 P. 195. There are cases, however, like *Wilson* v. *Head*, 184 Mass. 516, 69 N. E. 317, and *Wilcox* v. *Edwards*, 162 Cal. 455, 123 P. 276, Ann. Cas. 1913C, 1392, which seem to lay down or recognize the rule that a right which exists wholly by reason of a statute, and which does not arise out of contract or spring from the principles of the common law, cannot become a vested right until it has been reduced to a final judgment, and that it is destroyed by a repeal of the statute upon which it is founded. But we think such cases do not reflect the weight of authority upon this subject, and are not based on the soundest reasons. Therefore, we do not follow them. We think the rule is correctly stated in the following excerpt from the opinion in *Gladney* v. *Sydnor*, 172 Mo. 318, 72 S. W. 554, 60 L. R. A. 880, 95 Am. St. Rep. 517, quoted with approval in *Crump* v. *Guyer*, supra:

"Vested rights may be created either by the common law, by statute, or by contract, and it makes no difference as to the method of their creation; they are entitled to the same protection."

So while the trial court came to a correct conclusion as to the respondents, not including Cottrell, it placed the same on wrong grounds. They were entitled to judgment because of the insufficiency of the complaint, not because

her cause of action had been destroyed by the repeal of section 24; she was entitled to judgment against Cottrell, the complaint being good as to him.

The respondents who answered set up the one-year statute of limitations (Comp. Laws 1917, § 6468) in defense, and also alleged that section 24 is void, being in conflict with section 23 of article 6 and section 7 of article 1 of the State Constitution and with the due process clause of the Federal Constitution (Amendment 14). These matters are discussed by counsel at considerable length, but, in view of the disposition which we make of the case, we regard a decision of them as being unnecessary.

The judgment ought to be: (1) That the attempted appeal by the Guaranteed Securities Company and George H. Blood, as receiver for said company, be dismissed; (2) that the judgment be reversed as to the respondent Cottrell, and the cause remanded for a new trial; the appellant is awarded such portion of her costs against Cottrell as were incurred by her on the appeal against him, but not those incurred by the appeal against any of the other respondents; (3) that the judgment be affirmed as to all other respondents, who are entitled to their costs on appeal against appellant. It is so ordered.

CHERRY, C.J., and ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified, did not participate.

STRAUP, J.

I concur in the result. Before a director or other officer of the investment company or corporation may be held liable for a wrongful or an unlawful act of the company or corporation, I think it must be alleged and proved that he with knowledge, either actual or presumptive, directly or indirectly participated therein. I think the liability of Cottrell, a mere agent of the company or corporation, should not be measured by any broader rule. A more extended holding, I think, renders the act of doubtful validity.