COFFIELD et al. v. ERNSBERGER et al.

No. 28529. April 9, 1940.

*101 P. 2d 251.*

Parmenter & Grimes and Speakman & Speakman, all of Sapulpa, for plaintiffs in error.

Thurman & Thurman, Miley, Hoffman, Williams, France & Johnson, Charles Hill Johns, Harold Thweatt, and Paul Darrough, all of Oklahoma City, and Shearman & Sterling and McClellan & Shrewsbury, all of New York, for defendants in error.

OSBORN, J. This action was instituted in the district court of Creek county by A. W. Coffield, Eunice Coffield, and Floyd D. Coffield, hereinafter referred to as plaintiffs, against Earl Ernsberger, and various other individuals who are sued as officers and directors of the Western Service Corporation and Earl A. Ernsberger & Company, Inc. The Marine Midland Trust Company and the Chemical Bank & Trust Company were also named as parties defendant. The plaintiffs claim damages arising from the sale to them of certain stock in the Western Service Corporation. They allege that said stock is worthless and that the sale was made in violation of the Blue Sky Law (ch. 24, art. 23, O. S. 1931) of Oklahoma. The trial court sustained a demurrer to plaintiffs' petition and entered judgment dismissing the action. From said judgment plaintiffs have appealed.

The action is predicated upon the provisions of section 4912, O. S. 1931, 71 Okla. Stat. Ann. § 52, the pertinent portion of which is as follows:

"Every sale made in violation of any of the provisions of this act shall be voidable at the election of the purchaser; and the person making such sale and every director, officer, or agent of or for such seller, if such * * * officer or agent shall have personally participated or aided in any way in making such sale, shall be jointly and severally liable to

such person in any action at law in any court of competent jurisdiction upon tender of the securities sold * * * with interest together with all taxable court costs and reasonable attorney fees. * * *"

It is noted that the statute expressly authorizes an action against the "directors, officers or agents of or for the seller," the liability being predicated upon the premise that such individuals have "personally participated or aided in any way in making such sale."

In plaintiffs' petition it is alleged as follows:

"That each and all of the aforesaid and hereinafter mentioned corporations, officers and agents were authorized and did help to sell, and dispose of said alleged shares of stock of Western Service Corporation; help to manage, assist, aid and direct salesmen in the disposal generally of said shares of stock; solicit orders therefor; offer the said shares of stock for sale and generally look after and help to conduct and carry on the business of Earl R. Ernsberger & Company, Inc., and the Western Service Corporation, and the selling, offering for sale and promoting the sale of said shares of stock, and in connection therewith, used and permitted, and authorized to be used, their names and prestige. Said parties and each and all of them were in a position to know, find out and possess knowledge and information with respect to the status of said stock and shares of stock. Whether said stock was valid and lawfully issued was susceptible of knowledge and could have been easily learned about by said conspirators and each and all of them."

These general allegations are considerably amplified in plaintiffs' petition. Plaintiffs alleged at some length the nature of the participation of the various individuals in the general scheme of selling the stock. Plaintiffs further alleged that as a result of the general scheme employed by defendants they were induced to purchase 1,138 shares of the stock of the Western Service Corporation for the sum of $42,897.84, and were led to believe said shares were reasonably worth said sum, whereas said shares were valueless. It was further alleged that there was no compliance with any of the provisions of the Blue Sky Law of Oklahoma. No contention is made that there was a compliance with any of the statutory requirements in this respect.

It appears that the Western Service Corporation was a Delaware corporation licensed to do business in Oklahoma for the purpose of buying, selling, operating, and controlling public utilities and of selling stock to obtain money to carry on the business. Ernsberger & Company, Inc., was also a Delaware corporation licensed to do business in Oklahoma; and was engaged in the business of selling and disposing of the stock in the Western Service Corporation, and the officers and directors were composed of practically the same personnel as in the Western Service Corporation. It is alleged that the Chemical Bank & Trust Company as registrar of the Western Service Corporation and the Marine Midland Trust Company, the transfer agent, both foreign corporations, participated in the general plan of presenting the securities to the public.

In this action we are concerned, not with liability of the corporation which issued the stock, but with the liability of the officers, agents, and directors of said corporation. A review of the authorities discloses that various states have enacted Blue Sky Laws which contain provisions similar, and in some cases identical, with the provisions of section 4912, supra. In those jurisdictions recoveries against directors, officers, and agents of the corporation issuing and disposing of stock in violation of the Blue Sky Laws have been sustained in a number of cases. See Mosley v. Unruh (Kan.) 95 P. 2d 537; Daniels v. Craiglow, 131 Kan. 500, 292 P. 771; Boss v. Silent Drama Syndicate, 82 Cal. App. 109, 255 P. 225; Mannion v. Baldwin (Cal.) 20 P. 2d 678; Lewis v. Bricker, 235 Mich. 656, 209 N. W. 832; Chambers v. Beckwith, 247 Mich. 255, 225 N. W. 605; Salo v. Northern Sav. & L. Ass'n, 140 Ore. 351, 12 P. 2d 765; Buttrey v. Guaranteed Securities Co., 78 Utah, 39, 300 P. 1040; Brannan B. & R. Co. v. Ramsaur, 41 Ga. App. 166, 152 S. E. 282; Abrams v. Love, 254 Ill. App. 428.

It is conceded by the parties that the trial court in sustaining a demurrer to the petition was of the view that the case of Dunham v. Chemical Bank & Trust Co., 180 Okla. 537, 71 P. 2d 468, was controlling. In that case we were dealing with the same issue of stock and the same parties defendant as in the instant case. The case was tried to a jury and a verdict was returned in favor of defendants. The appeal was from an order denying judgment notwithstanding the verdict. In that case the sale of stock was made prior to the effective date of chapter 24, article 23, O. S. 1931, which act was approved and became effective April 22, 1931, whereas the stock in the instant case was sold on September 11, 1931, and the above-quoted provisions of section 4912, supra, were in full force and effect. Article 62, chapter 6, C. O. S. 1921 (secs. 2270-2285) was the applicable statutory law under which the case of Dunham v. Chemical Bank & Trust Co., supra, was decided. The only civil remedy provided in that chapter was an action upon the bond required as a condition to the issuance of a permit to sell stock or bonds. Since there was no compliance with the act, that remedy was not available. The action was apparently predicated upon the theory that certain penal provisions of the statute make certain violations of the act criminal offenses punishable by fine and imprisonment and that a contract made in violation of law is void; that defendants conspired together to violate the penal provisions of the statute and to defraud plaintiffs, and thereupon became civilly liable for a return of the money to the plaintiffs, which money had been paid to the corporation for the stock. It is pointed out in the opinion that the jury had determined the controverted issues of fact in favor of defendants. It was held that the contract of sale was not void, but voidable at the election of the purchaser. This was in effect a finding that, notwithstanding the fact that the contract of sale violated a penal provision, a cause of action did not exist against the defendants, who were not the recipients of the money, since the contract was not, in fact, void. The court concluded that there was no error in overruling the motion for judgment notwithstanding the verdict.

It is pointed out in the instant case that the applicable statute makes the contract "voidable at the election of the purchaser." It is argued that the finding in the former case and the statute in the instant case creates the same situation and that there can be no recovery here, since the contract is not made a void contract. This argument overlooks the plain and positive provisions of section 4912, supra, which expressly provides for an action in favor of the purchaser against "every director, officer or agent of or for such seller" who personally participated or aided in any way in making such sale. To follow the argument of the defendants in this case is to nullify that section. This we cannot do. There is a very clear distinction between the instant case and the case of Dunham v. Chemical Bank & Trust Co., supra. In that case, as heretofore pointed out, the action was predicated upon a violation of a penal statute. In the instant case there is a statute expressly authorizing a civil suit against the officers, directors, and agents upon conditions therein stated. The penalties provided by the former legislative act were purely criminal in nature. Under the present legislative act, in addition to the criminal penalties provided, section 4912, supra, fixes a penalty which is civil in its nature. The penalties of the Blue Sky Law are visited on the seller and not on the buyer, the statute being for the benefit and protection of the buyer. Annotation 87 A.L.R. 107.

We are of the opinion that the above-quoted allegations of plaintiffs' petition are sufficient to withstand a general demurrer and that the trial court erred in sustaining the demurrer and dismissing the action.

Accordingly, the judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., absent. DANNER, J., not participating.