**CRISP, COURTEMANCHE, MEADOR & ASSOCIATES, a partnership, Appellee,**

v.

**Elma MEDLER, Appellant.**

No. 57511.

Court of Appeals of Oklahoma, Division No. 2.

March 15, 1983.

Released for Publication by Order of Court of Appeals May 19, 1983.

---

Elma Medler, pro se.

Kevin Blaney and Lisa Rabin McKenzie Eagleton, Nicholson, Jones & Blaney Oklahoma City, for appellee.

BOYDSTON, Judge.

Client Elma Medler appeals from summary judgment granted in favor of Crisp, Courtemanche, Meador and Associates, a court reporter partnership (Reporter) for services rendered in preparing a transcript. Medler appeals on the sole ground that the case was not ripe for summary judgment. Based on our review of the record, we disagree with Medler and affirm the decision below.

■ When summary judgment has been granted, the appellate court is required to examine the pleadings and evidentiary materials. If the record discloses either controverted material facts or if the uncontroverted facts support legitimate inferences favoring the well-pled theory of the party against whom the judgment is granted, the judgment will be reversed. *Northrip v. Montgomery Ward & Co.,* Okl., 529 P.2d 489 (1974); *Runyon v. Reid,* Okl., 510 P.2d 943 (1973); District Court Rule 13, 12 O.S.1981, Ch. 2, App.[1]

The operative facts in this appeal are not in serious dispute. Mr. Larry Turner and Ms. Medler, his mother, were convicted of a crime in federal court. Their trial attorney withdrew from the case, and they then hired Robert Pittman (Attorney) to lodge the appeal. There is some dispute as to whether Attorney filed an appeal for both parties or just one of them. However, it is clear that the parties had a community of interest as mother and son, codefendants and parties with a vital interest in the outcome of the appeal. The record shows it was decided to appeal only Turner's conviction because of the similarity of grounds for reversal; *i.e.,* reversal of one would amount

---

1. The material portions of this rule were in effect when the trial court ruled, but it has since been revised effective January 1, 1982.

to reversal of the other. Medler paid the initial $1,000 deposit to Attorney who then paid it to Reporter. The final bill was $2,816, which was never paid and forms the basis for this suit.

The evidence in this case includes: (1) motions for summary judgment, (2) affidavits, (3) interrogatories, (4) Attorney's deposition, and (5) other documents including a form from the federal criminal case file that declared Attorney was the attorney of record for both clients.

In affidavits and answers to interrogatories, Ms. Medler first admitted that Attorney had represented her at the critical time, but later denied it. To put it simply, Medler's defense was that by ordering the entire transcript Attorney had exceeded his authority, because it had been agreed the testimony of a single witness was the only part of the transcript necessary for appeal.

Reporter offered evidence that Attorney represented Medler at the time the transcript was designated and that they had performed the work for which payment was refused. This proof was substantiated by Attorney's deposition in which he denied exceeding his authority.

First we observe that the attorney client relationship is one of agency. *See Moran v. Loeffler-Greene Supply Co.*, Okl., 316 P.2d 132 (1957). As such, an attorney is empowered with real and apparent authority to bind a client within the scope of the employment, absent proof that a third party (here, Reporter) had actual notice of a limitation on that apparent authority. *See J.F. Oaks v. Motors Insurance Corp.*, Okl., 595 P.2d 789 (1979); *Farmers National Grain Corp. v. Young*, 187 Okl. 298, 102 P.2d 180 (1940). And, where the operative facts are not controverted or where reasonable men would not differ as to the inferences to be drawn, the issue of whether an agency exists or not is one of law for the court. *Keel v. Titan Construction Corp.*, Okl., 639 P.2d 1228 (1981).

We hold that an attorney who is retained to appeal a judgment has the actual authority to bind his client for ordinary, necessary and incidental expenses of the appeal. A transcript is such an expense.

Therefore, as agent, Attorney had the apparent authority to order all or part of the transcript with the same binding force. An undisclosed limitation privately agreed upon between an attorney and client is binding only as between them, but not against someone innocently relying on what is apparently within the agent's scope of authority. *See Great Southern Life Insurance Co. v. Card,* 169 Okl. 360, 37 P.2d 278, 281 (1934).

In this case it is uncontroverted that at the time of the contract Attorney was attorney of record for appeal. He ordered the transcript and it was not paid for. There is no suggestion that Reporter knew or should have known of Attorney's limitation of authority; therefore, there are no material facts in controversy such as would justify reversal.

Ms. Medler may have an action over against Attorney for having exceeded his actual authority; however, she cannot use that claim as a defense against Reporter who was without actual knowledge of the limitation. *See Great Southern, supra.*

Judgment affirmed.

BACON, P.J., and MEANS, J., concur.