Jack AGOSTA,
Appellee/Cross–Appellant,

v.

SOUTHWEST BREEDERS, INC., Richard D. Stansberry, George R. Cornelius and B.F. Reece, Appellants/Cross–Appellees.

No. 72849.

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 12, 1991.

Rehearing Denied April 9, 1991.

Rex D. Brooks, Oklahoma City, for appellants/cross-appellees.

Larry E. Myers, Oklahoma City, for appellee/cross-appellant.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Appellants/Cross–Appellees (Southwest Breeders) appeal the trial court's order granting summary judgment to Appellee/Cross–Appellant (Agosta) in a contract action. Agosta cross appeals the trial court's denial of attorney's fees.

Southwest Breeders, an Oklahoma corporation, offered to sell shares of its stock to Agosta. At the time, Southwest Breeders' articles of incorporation allowed the corporation, through its officers and directors, to issue no more than 50,000 shares of its stock at $1.00 per share. On March 31, 1986, Agosta purchased 15,000 shares of the stock. Agosta later discovered that the officers and directors had, on December 27, 1985, issued to themselves 1,370,000 shares at below par value, clearly in excess of the amount allowed by the articles of incorporation. Southwest Breeders subsequently filed an amendment of its articles of incorporation with the Secretary of State, which authorized it to increase the number of

---

shares of its stock from 50,000 to 50,000,000, and an amended certificate of incorporation was issued.

Agosta filed suit to rescind the contract, seeking $6,000.00 in damages for purchase of the overissued stock. Agosta filed a motion for summary judgment, which was sustained by the trial court. The trial court determined that the sale of the overissued stock to Agosta constituted a sale of non-existent stock for which the officers and directors, namely Richard D. Stansberry, George R. Cornelius and B.F. Reece were personally liable. This appeal followed.

■ On appeal, Southwest Breeders alleges the trial court erred in finding the sale of stock to Agosta was unauthorized and therefore void. We disagree.

Corporations are subject to constitutional and statutory law of Oklahoma. Pursuant thereto, the officers and directors' corporate powers are defined and limited to the scope of the corporate purposes set forth in the articles of incorporation. Okla. Const. Art. IX, § 9; 18 O.S.1981 § 1.28 (since repealed). Now see 18 O.S.Supp.1986, §§ 1001 et seq. At the time Agosta purchased the stock, the articles of incorporation permitted the officers and directors of the corporation to sell only 50,000 shares of stock. The corporation subsequently complied with the statutory procedure to amend the articles of incorporation in order to allow the issuance of more shares of the stock, but did not accomplish that amendment until one month after Agosta purchased the overissued stock. The record also reveals that the officers themselves purchased the overissued stock several months prior to the corporation's amendment of the articles of incorporation.

■ A corporation whose capital is limited by its charter either in amount or in the number of shares, cannot issue valid certificates in excess of the limit prescribed. *Capitol Hill Undertaking Co. v. Render*, 149 Okl. 132, 299 P. 854 (1931). Certificates of stock issued in violation of statute are wholly valueless and void, without regard to the intent of the parties to the overissue. *Garnet v. State, ex rel.*

*Bank Commissioner*, 162 Okl. 195, 19 P.2d 375 (1932); *United Bank Trust & Co. v. Joyner*, 40 Ariz. 229, 11 P.2d 829 (1932); *Pruitt v. Oklahoma Steam Baking Co.*, 39 Okl. 509, 135 P. 730 (1913). As was explained in *Joyner*, supra, quoting from 5 Fletcher, Cyc. Corp., § 3486:

Stock issued without authority and in violation of law is void, and confers no rights on the person to whom it is issued, and subjects him to no liabilities. A contract to issue stock in violation of the provisions of the Constitution or of the statute will not be enforced by the courts, nor can damages be recovered for its breach. A person may rescind his contract to subscribe for or purchase such stock and recover back what he has paid for it, upon a tender back or surrender of the certificate, and of any dividends which he has received; or he may set up the illegality of the stock as a defense to an action by the corporation on his subscription. 11 P.2d at 831.

■ Here, Agosta properly tendered the stock to the corporation, and filed suit to rescind the contract and to recover his purchase price. 12A O.S.Supp.1984 § 8–104.

■ Southwest Breeders also allege the trial court erred in permitting summary judgment against officers Stansberry, Cornelius and Reece personally. The void stock certificates were signed by Stansberry as president of the corporation and by Reece as its secretary. Cornelius, as vice president, directed Agosta to the agent who in turn sold the void stock to Agosta.

■ Generally, officers of a corporation are not liable to third persons for corporate acts where they do not purport to bind themselves. *Hall v. Sullivan–Dollars, Inc.*, 471 P.2d 453 (Okl.1970). However, it is also true that officers and agents of the corporation may be held personally liable by the purchaser for a fraudulent issue of stock or stock issued in violation of the law. 18A Am.Jur.2d § 515, 516 Corporations. Section 515, states, in part:

It is said that in authenticating and issuing certificates the officers represent that the stock is not spurious and is not

invalid by reason of fraudulent or known acts or omissions of such officers, and such representations are addressed to whoever should thereafter purchase the certificate.

In this case, the participation of these officers by their acts in negotiating the sale of the stock and by signing the certificates represented to Agosta that the stock was valid and bound them by their false representations. *Coffield v. Ernsberger*, 187 Okla. 79, 101 P.2d 251 (1940).

Summary judgment is appropriate if there is no substantial controversy as to any material fact and a party is entitled to judgment as a matter of law. *Sellers v. Oklahoma Publishing Co.*, 687 P.2d 116 (Okl.1984); 12 O.S.Supp.1984, Ch. 2, App., Rule 13. In reviewing an order granting summary judgment, this Court will affirm the judgment unless the record discloses controverted material facts or the uncontroverted facts fail to show, as a matter of law, that the successful party was entitled to the judgment rendered. *Crisp, Courtemanche, Meador & Associates v. Medler*, 663 P.2d 388 (Okl.App.1983). We find Agosta was entitled to judgment as a matter of law and summary judgment was properly granted.

■ We now turn to Agosta's cross-appeal. Agosta alleges the trial court erred in denying his motion for attorney's fees pursuant to 12 O.S.1981, § 936. He asserts that stock certificates qualify as negotiable instruments in accordance with 12A O.S.Supp.1984, § 8–104(1), thus putting this action within the purview of Section 936, allowing for recovery of attorney's fees in a suit on a negotiable instrument. Although Section 8–105(1) provides that certificated securities governed by the Uniform Commercial Code are negotiable instruments, Section 8–102(1)(a)(i) further provides that a certified security is a share represented by an instrument "issued in bearer or registered form". The stock certificate in the instant case was not "issued in bearer or registered form", but rather was issued in the name of "Jack Agosta". Thus, the stock certificate does not constitute a negotiable instrument for purposes

of Section 936. Furthermore, Agosta's action was one for rescission of a contract, which is not the basis for recovery of attorney's fees under Section 936. We find no error in the trial court's denial of Agosta's motion for attorney's fees.

The trial court's judgment is hereby affirmed.

AFFIRMED.

GARRETT, P.J., and HANSEN, J., concur.