THE TRUSTEES OF THE PRESBYTERY OF JERSEY CITY
v. THE TRUSTEES OF THE FIRST PRESBYTERIAN
CHURCH OF WEEHAWKEN ET AL.

Submitted July 7, 1910—Decided December 14, 1910.

The act of April 16th, 1908 (*Pamph. L., p.* 623), providing that, when-
ever, pursuant to the constitution, laws or customs of the Pres-
byterian Church in the United States, any presbytery in this state
connected with the Presbyterian Church in the United States has
dissolved or shall dissolve any particular local church subject to
the ecclesiastical jurisdiction of such presbytery, the property of
such local church, and of the congregation connected therewith,
shall, upon such dissolution, vest in the trustees of such presby-
tery (provided such trustees be incorporated), in as ample a man-
ner as the same was theretofore vested in the board or persons
holding the same in trust for such local church and congregation,
is not unconstitutional as taking property without due process of
law, nor as divesting vested rights, nor as being retrospective.

In ejectment. On special verdict.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and MINTURN.

For the plaintiff, *Dougal Herr.*

For the defendants, *Albert Leuly* and *Horace L. Allen.*

The opinion of the court was delivered by

TRENCHARD, J. This action in ejectment was brought to
recover possession of certain lands with a church building
thereon in Weehawken, New Jersey.

At the trial at the Hudson circuit the cause was sub-
mitted to the court, sitting without a jury, upon agreed facts,
and resulted in a special verdict, which was returned to this
court by the *postea.* The plaintiff now applies for judgment
in its favor.

The special verdict was upon facts found as follows:

"That service of process in this action was properly made and executed by a duly authorized deputy sheriff of Hudson county upon all of the defendants within named, and that all of said defendants are properly in court; that the Presbytery of Jersey City is a Presbytery within the State of New Jersey and is connected with the Presbyterian Church in the United States of America; that the Presbyterian Church in the United States of America is the name used to designate the whole ecclesiastical body of protestant Christians in the United States of America of the Presbyterian denomination, and that the Presbytery of Jersey City is an ecclesiastical branch of that denomination having ecclesiastical jurisdiction over the various local churches of the said denomination in the county of Hudson and elsewhere in the State of New Jersey; that the plaintiff in this action is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, to wit, under and by virtue of the act of March 26th, 1872, which is section 120 of the act concerning religious associations, Revision of 1895; that the said plaintiff corporation is composed of persons elected annually in accordance with said last mentioned act, and in accordance with the laws of the State of New Jersey, by the Presbytery of Jersey City; and that the persons composing said plaintiff corporation are both in an individual and in a corporate capacity the trustees of the property and funds of the said Presbytery of Jersey City, and the trustees of the civil interests of the Presbyterian Church in the United States of America, in the locality over which the Presbytery of Jersey City has ecclesiastical jurisdiction; that the Trustees of the First Presbyterian Church of Weehawken, one of the defendants herein, is a religious corporation, duly incorporated and existing under and by virtue of the laws of the State of New Jersey, and was incorporated in the year 1870, under and by virtue of the act of June 12th, 1799 (*Pat. L., p.* 412) ; that in pursuance of the terms and provisions of said act of June 12th, 1799, and of its certificate of incorporation, and of the constitution, laws, customs, rules and mandates of the Presbyterian Church in the United States of America, the persons

first composing the said defendant corporation, the Trustees of the First Presbyterian Church of Weehawken, were duly elected by the congregation of the said First Presbyterian Church of Weehawken, and that their successors were duly elected from year to year by the said congregation, as provided by the law and by the constitution, rules and mandates of the Presbyterian Church in the United States of America, as long as said congregation remained in existence; that the real property which is the subject of controversy in this suit of ejectment and which is described in the declaration herein, was vested in said defendant corporation, the Trustees of the First Presbyterian Church of Weehawken, in fee-simple, by purchase, in the year 1871, subject only to the limitations, duties and liabilities imposed upon said corporation, and upon the congregation and church therewith connected in respect of said property, by act of June 12th, 1799, by its certificate of incorporation, and by the constitution, laws, customs, rules and mandates of the Presbyterian Church in the United States of America; that there was at the time of the formation of said defendant corporation, the Trustees of the First Presbyterian Church of Weehawken, a certain congregation which was then and there connected with a particular local church, which local church and congregation were then and there subject to the ecclesiastical jurisdiction of the Presbytery of Jersey City and of the Presbyterian Church in the United States of America; that the said defendant corporation, the Trustees of the First Presbyterian Church of Weehawken, held title to said property as aforesaid, under the provisions of said act of June 12th, 1799, of its certificate of incorporation and of the constitution, laws, usages, customs, rules and mandates of the Presbyterian Church in the United States of America, for the benefit of said congregation, and of said particular local church, to wit, the First Presbyterian Church of Weehawken, which local church and congregation were, as aforesaid, subject to the ecclesiastical jurisdiction of the Presbytery of Jersey City and of the Presbyterian Church in the United States of America; that said real property, which is the subject of this ejectment suit, was the property

of said particular local church and congregation, to wit, the First Presbyterian Church of Weehawken, subject to the limitations, duties and liabilities aforesaid, the title thereto having been held by said defendant corporation, the Trustees of the First Presbyterian Church of Weehawken, and that the possession of the said property has continued to be up to the present time and now is in said defendant; that the title to said property still vests in said defendant unless the same has been divested by virtue of chapter 306 of the laws of 1908 of New Jersey; that said Presbytery of Jersey City did on the 21st day of April, 1908, pursuant to the constitution, laws, usages, customs, rules and mandates of the Presbyterian Church in the United States of America, duly dissolve said congregation and church, to wit, the First Presbyterian Church of Weehawken, which was then and there a particular local church subject to the ecclesiastical jurisdiction of the Presbytery of Jersey City; that the said statute of 1908, if constitutional, has operated to vest the title to said real property in the said plaintiff corporation; but whether or not upon the facts above found, the said statute of 1908 is or is not in conformity with the constitution of the State of New Jersey the court is altogether unable to determine and thereupon prays the advice of the said Supreme Court; and if to the said Supreme Court it shall seem, under the facts aforesaid, that said statute of 1908 is constitutional, then the said plaintiff is entitled to judgment herein for possession of the said premises in said declaration mentioned; but if upon the whole matter aforesaid it shall seem to said Supreme Court that the said act is unconstitutional in its application to the facts hereinabove found, then and in that case this court has determined that the said defendants are entitled to judgment herein."

The act of April 16th, 1908 (*Pamph. L., p.* 623), being the statute in question, is as follows:

"An act relating to the real and personal property of dissolved particular local churches in the state connected with the Presbyterian Church in the United States of America.

"Be it enacted by the Senate and General Assembly of the State of New Jersey:

"1. That whenever, pursuant to the constitution, laws, usages or customs of the Presbyterian Church in the United States of America, any presbytery in the state connected with the said Presbyterian Church in the United States of America has heretofore dissolved, or shall hereafter dissolve, any particular local church subject to the ecclesiastical jurisdiction of such presbytery, the property, real and personal, of such particular local church and of the congregation connected therewith, whether held by an incorporated board of trustees or otherwise, shall, upon such proceedings in dissolution, vest in the trustees of such presbytery (provided said trustees be incorporated), in as full and ample a manner as the same shall theretofore have been vested in the board of trustees or persons or body holding the same in trust for such particular local church and congregation, and said trustees of such presbytery may, under the direction of such presbytery, manage, sell, or otherwise freely dispose of the same, and shall apply the proceeds thereof, in such manner as to such presbytery may seem best for religious uses and purposes within the territory over which such presbytery shall have ecclesiastical jurisdiction, and in the event that such property shall be sold by the trustees of such presbytery, such sale or conveyance by such incorporated trustees of such presbytery shall be as good and effectual in law and equity as if made by the board of trustees, persons or body formerly holding the same, and shall vest in the grantee all the right, title and interest in and to such property theretofore vested in such church and its trustees, or in such congregation therewith connected, or in such persons or body holding the same in trust for such particular local church and congregation.

"2. This act shall take effect immediately."

The defendant challenges the constitutionality of the act on the following three grounds—*first,* as taking property without due process of law; *second,* as divesting vested rights, and *third,* as being retrospective.

If there be a permissible doubt as to the existence of the

constitutional limitations invoked against the validity of the act, the court will not declare the act to be contrary to the constitution.   *Attorney-General* v. *McGuinness,* 49 *Vroom* 346.

The retrospective character of the act in question alone does not render it unconstitutional.   *United Railroad, &c., Co.* v. *National Docks, &c., Co.,* 25 *Vroom* 180.

To be unconstitutional by reason of its retrospective operation it must appear that it is *ex post facto,* or that it impairs the obligation of a contract, or that it deprives a party of a remedy which existed when the contract was made.   *Baldwin* v. *Newark,* 9 *Vroom* 158.

The defendant does not urge any of these grounds.

The remaining question, therefore, is whether the statute divests vested rights or takes property without due process of law.

Rights are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest.   *Moore* v. *State,* 14 *Vroom* 203, 243; 8 *Cyc.* 894.

We are of opinion that the defendant trustees had no such right or estate.

The leading case on the point is *Reformed Protestant Dutch Church in Garden Street* v. *Mott,* 7 *Paige* 77.   The statute in question there was 1 *R. L. of N. Y.* 1801, *p.* 339, an act to incorporate religious associations and to vest in such corporations property belonging to the several societies *"in whatever manner the same might have been acquired. or in whose name soever the same was held."*

In sustaining the constitutionality of this act Chancellor Walworth remarked that the necessary effect of the statute was to transfer to a corporation the legal title to all property which was then held in the name of others upon a mere naked trust for the use of the church or congregation.   The court held: "That the legislature had the power to transfer the legal title from the mere naked trustees to the *cestui que trusts,* after the latter were incorporated, in a case where the trustees might themselves be compelled to make such a trans-

fer under a decree of the court, there cannot be any room for doubt."

This decision is based upon the following premises: (*a*) The trustee held merely a naked legal title; (*b*) The New York statute of 1801 had the effect of incorporating the *cestuis que trustent* in such a manner as to make them the corporation, and not merely chosen trustees from among them; and. (*c*) the original trustees might have been compelled, by decree in equity, to transfer to the *cestuis que trustent,* so incorporated, the legal title to the real estate.

The applicability of the decision to the question here can be seen by the following analysis of the premises upon which it is based.

(*a*) *The trustees hold merely a naked legal title.*

This has always been the law of New Jersey as to the estate held by boards of trustees incorporated under our general act, such as is the defendant in the case at bar. *Morgan* v. *Rose, 7 C. E. Gr.* 583. So far, therefore, as the first premise is concerned, upon which the decision in the Garden Street Church case is based, the situation in the case at bar is identical.

(*b*) *The New York statute had the effect of incorporating the cestuis que trustent in such a manner as to constitute them the corporation, and not merely chosen trustees from among them.*

The statute vested title directly in the beneficiaries. But in New Jersey, where trustees are elected by the congregation, and where these trustees, and not the congregation, are the legal owners, there is no difference in principle. Simply, the legal title is kept separate from the equitable.

(*c*) *The original trustees might have been compelled, by decree in equity, to transfer to the cestuis que trustent, so incorporated, the legal title to the real estate.*

In the Garden Street Church case, the original congregation was extant. Where this is the case, there is no question but that they always have a right to the decree of the court against wrongful diversion by the trustees.

If, in the case at bar, it is shown—*first,* that the original

*cestuis que trustent* are extinct, and *second,* that the denomination as a whole, as represented by the Presbytery of Jersey City are next entitled as beneficiaries, it must follow that the Presbytery is in a like position as would have been the congregation, with respect to its right to come into equity.

Now the original beneficiaries, the congregation of the Weehawken Presbyterian Church, are extinct. A local congregation is never independent, but *ab initio* an integral part of the denomination; this is the implied condition of its existence, and binds all its members. *Fair* v. *First Methodist Episcopal Church,* 12 *Dick. Ch. Rep.,* 496, 501; *Everett* v. *First Presbyterian Church,* 8 *Id.* 500; *American Primitive Society* v. *Pilling,* 4 *Zab.* 653. While properly affiliated with the denominational body, the congregation can act with a certain degree of independence, but they can never use the property in such a way as to amount to a use not denominational in character; that is, to a use other than that sanctioned by the denomination to which such congregation belongs. *American Primitive Society* v. *Pilling, supra.* For instance, they cannot secede and take their property with them, even if they do so unanimously. *American Primitive Society* v. *Pilling, supra; Baker* v. *Fales,* 16 *Mass.* 488. Whenever a local church and congregation becomes extinct, the Presbytery can and does strike it from the roll of churches, and dissolves it. It seems to be admitted in this case that the dissolution of the Weehawken church and congregation was proper, and that it was therefore in accordance with the ecclesiastical and civil law, and bound the congregation, if any members remained, by reason of their membership. *Day* v. *Bolton,* 7 *Halst.* 206. The dissolution by the Presbytery therefore terminated the membership of all persons in the congregation, rendering it extinct as a body. *Gaff* v. *Greer,* 88 *Ind.* 122. This act of dissolution, resulting in disfranchisement, is the conclusion or act of an ecclesiastical judicatory and legislative body, and not being in conflict with civil law, is valid and binding. 34 *Cyc.* 1185.

The following considerations show the disfranchisement to be not in conflict with the civil law:

(*a*) Under the statute of 1799 (*Pat. L., p.* 412), and before the Religious Society act of 1875 (*Gen. Stat., p.* 2735), and the act relating to Presbyterian churches (*Pamph. L.* 1905, *p.* 250), which two latter statutes prescribe certain membership qualifications, denominational rules governed. *American Primitive Society* v. *Pilling, supra.*

(*b*) The statutes of 1875 and 1905 being in derogation of the common law must be strictly construed.

(*c*) Therefore, the fact that these statutes prescribe certain rules for membership in congregations, in the absence of an express or implied provision therein limiting the right of the denomination, as at common law, to prescribe further rules, preserves this right to the denomination.

(*d*) Consequently, when all ecclesiastical relation is cut off by the dissolution of the church, all membership in the congregation must necessarily cease. The Presbytery's action has severed the connection between the denomination and the church, the continued existence of which was a condition of the beneficial enjoyment of the property by the congregation. The congregation are beneficiaries *only so long as they remain connected with the denomination,* and their dissolution has struck them off as direct beneficiaries.

(*e*) The Presbytery's power and authority to extinguish membership has never been questioned. It has authority to organize congregations, to confer membership, to alter relations, and its authority to dissolve membership follows as a necessary and proper one. *Baker* v. *Fales, supra.*

It being clear, then, that the congregation is now extinct, it remains only to consider whether the Presbytery of Jersey City is the beneficiary. We are of opinion that it is.

We are not now concerned with the possible rights of donors, or their heirs, this question being excluded by the state of facts.

The statute being silent on the subject of donor's rights, the implication is that the title revests subject to such rights. In case of the dissolution of a society there is no reverter, but the doctrine of *cy pres* is invoked. 6 *Cyc.* 977.

We have before us, then, this situation: trustees without interest, beneficial title in abeyance, and rights of donors not in-

volved. How might this situation be remedied without reference to the statute in question? Only by a proper application to the Chancellor, who, by virtue of the decision in the case of *MacKenzie* v. *Trustees of Presbytery of Jersey City,* 1 *Robb.* 652, has as ample powers under the doctrine of *cy pres* as the High Court of Chancery in England. Such a bill could be filed by a person in interest only. No one of the original members of the congregation could file it as such, since that is extinct. But the beneficial title cannot remain in abeyance. Some persons must be the beneficiaries, and equity on application of such class of persons would confer the beneficial title upon them. These are no other than a class, not yet created, but which the Presbytery has a perfect right to create by virtue of its general jurisdiction to create, alter and dissolve church congregations, and by virtue of the qualified right of property in the denomination at large. Such a class must consist of members of the denomination, since the property can be used only for denominational purposes.

In the case at bar the church trustees have held for the benefit of the congregation upon an implied trust that the ecclesiastical relationship shall not be altered, and that in the event of the dissolution of the church body, then for the benefit of a class to be chosen by the denomination at large. *Baker* v. *Fales, supra.* After the dissolution of the congregation, if the trustees refuse to convey the property to the Presbytery, they are necessarily using it for a purpose not sanctioned by the denomination, or not using it at all, which amounts to a diversion. No doubt the act of March 25th, 1881 (*Pamph. L., p.* 256), was designed to remedy such a situation, but is inadequate for that purpose.

We are therefore of opinion that the facts of the case at bar bring it within the rule laid down in the case of the Garden Street Church, and that the act of April 16th, 1908, is not unconstitutional as taking property without due process of law, nor as divesting vested rights, nor as being retrospective.

Since it is not suggested that it is unconstitutional upon any other ground, the plaintiff is entitled to judgment on the *postea.*