## CRUMP v. GUYER et al.

No. 6460.   Opinion Filed February 29, 1916.

Rehearing Denied May 16, 1916.

Second Petition for Rehearing Denied September 19, 1916.

(157 Pac. 321.)

**1. Attorney and Client — Compensation— Lien—Enforcement.**

Where an attorney files a lien claim for his fee as provided by statute, and the case is without his knowledge or consent compromised and dismissed by his client before a trial and judgment is had, he may sue the party who settled with his client for the amount of his fee, and on a hearing in that case present the facts essential to establish the merits of the case in which he was employed; and if his client should have prevailed in that action, then he is entitled to recover in his action the amount of his lien claim. But if his client had no rights, then his cause of action must fail.

**2. Constitutional Law—"Vested Right."**

A "vested right" is the power to do certain actions or possess certain things lawfully, and is substantially a property right, and may be created either by common law, by statute, or by contract. And when it has been once created, and has become absolute, it is protected from the invasion of the Legislature by those provisions in the Constitution which apply to such rights. And a failure to exercise a vested right before the passage of a subsequent statute, which seeks to divest it, in no way affects or lessens that right (quoting Words and Phrases, Second Series, Vested Right).

(Syllabus by Brett, C.)

Error from District Court, Garvin County; R. McMillan, Judge.

Action by John R. Guyer and another against W. B. Crump. Judgment for plaintiffs, and defendant brings error. Reversed.

J. T. Wheeler, for plaintiff in error.

B. W. Patterson, Yerker E. Taylor, and John R. Guyer, for defendants in error.

Opinion by BRETT, C. This action was brought to recover on an attorney's lien. The material facts are that one Irene Stewart inherited a tract of real estate from her mother. She was a minor. On December 28, 1908, she married, and the law of 1897 (Laws 1897, c. 8, sec. 1), which is section 877, Wilson's Revised & Annotated Statutes of 1903, provided that:

"All male persons of the age of twenty-one years, and all females of the age of eighteen years, and all persons who have been legally married of whatever age, and all corporations to the extent authorized by law, may take title to, hold, mortgage, convey or make any contract relating to real estate, or any interest therein."

Acting under the authority of this statute, on August 14, 1909, she, as a married woman, though a minor, conveyed this real estate to W. B. Crump, the plaintiff in error; but the act of March 5, 1909, had at that time become operative, and that act limited the real estate that a married minor might convey to real estate "acquired after marriage." Page 166, Session Laws 1909. Irene Stewart, subsequent to the sale of this real estate, filed suit to cancel the deed and recover the property, solely on the ground that she was a minor at the time she executed the deed and conveyed same to Crump. She does not offer to return the amount of the purchase price, but pleads that she has not got it, and cannot return it. She employed John R.

Guyer and Yerker E. Taylor, the defendants in error, plaintiffs below, to bring the action to cancel her deed, and contracted to give them half of the recovery as their fee for representing her in the suit to cancel the deed. They filed a lien claim as provided by statute. Later on Irene Stewart settled with Crump, in the absence of her attorneys, for a nominal sum, and dismissed the action. And the defendants in error, Guyer and Taylor, as plaintiffs below, sued Crump for $2,000, which was alleged to be one-half of the reasonable value of the premises, and sought to impress a lien upon the real estate to secure the payment thereof. The defendant, Crump, answered, and, among other things, pleaded the validity of his deed from Irene Stewart; that she was a married woman at the time of the execution of the same, and by virtue of the statutes of 1897 had authority to convey said real estate; also that no tender of the purchase price had been made; that at the time of executing the deed to him she represented herself to be of age; that she had the appearance of a woman of 18 years of age, and that he relied upon said representations as to her age; that no trial had ever been had in the action to cancel, and no judgment rendered in said cause, and that the plaintiffs were not entitled to recover, etc. The cause was tried largely upon an agreed statement of facts, in which it was agreed, among other things, that Irene Stewart was legally married December 28, 1908, and on August 14, 1909, she and her husband joined in a deed conveying the real estate to W. B. Crump for a consideration of $2,100, which was actually received, and that Crump had since said date been in possession of said premises; that at the time of executing the deed Irene Stewart was under the age of 18; that Irene Stewart entered into a written contract with her attorney, John R. Guyer, for half he recovered as his fee; that suit was filed, and a lien claimed for 50 per cent. of the recovery; that Crump, after she attained her majority procured a deed to the land from Irene Stewart for $165, during the pendency of this action, and without the knowledge or consent of her attorneys; that the reasonable value of the premises was $2,395.40, and the total rental value $159.50; that no fee had ever been paid the attorneys of Irene Stewart. The cause was tried to the court, and resulted in a judgment in favor of plaintiffs, the attorneys of Irene Stewart, for $1,494.20, and the defendant, Crump, appeals from this judgment.

There are several questions raised by this appeal; but the most vital question, as we view the case, is whether the deed from Irene Stewart to Crump was valid and binding or was voidable.

The statute creating an attorney's lien is section 276, Snyder's Compiled Laws, 1909, and section 277 provides that, in a suit to enforce this lien, "such attorney may present, upon the hearing the facts essential to establish the merits of the cause in which he was employed," and in the trial of this action this was done. And it is admitted that the right of the plaintiffs to recover in this action depends upon Irene Stewart's right to cancel the deed in the action in which the plaintiffs were employed. If in that action she was entitled to cancel the deed to Crump, and recover the property, there is no question but her attorneys were entitled to recover in this action for 50 per cent. of the agreed value of the farm; but if she had no rights in that action, then her attorneys could recover nothing in this action. They must stand or fall in this suit with her right to cancel the deed in the suit they filed for her for that purpose. And this controversy, therefore, narrows itself down to the rights of Irene Stewart in the action to cancel the deed.

The plaintiff in error, defendant below, maintains: First, that when she married in December, 1908, the statute of 1897 then and there conferred upon her the right to sell and convey this real estate, and that this right to sell and convey was a "vested right," which the subsequent act of the Legislature could not destroy or impair. The defendants in error maintain that this was only a power granted her by the act of 1897, and that the Legislature had the right to, and did, take it away before she exercised it. If this was a "vested right" the authorities are both clear and strong to the effect that it could not be destroyed or impaired, except by "due process of law." Then the first question for us to determine is, Was the right to convey, conferred on Irene Stewart by the act of 1897, a mere "statutory privilege" or a "vested right?" Words and Phrases, Second Series, vol. 4, p. 1166, in defining vested rights, says:

"Rights are 'vested' when the right of enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. Trustees of Presbytery of Jersey City v. Trustees of First Presbyterian Church of Weehawken, 80 N. J. Law, 572, 78 Atl. 207, 210."

Again:

"A 'vested right' may be considered as the power to do certain actions or to possess certain things lawfully. In its latter aspect it is substantially a right of property, and as such is protected by those provisions in the Constitution which apply to such rights."

In Gladney v. Snyder, 172 Mo. 318, 72 S. W. 554, 60 L. R. A. 880, 95 Am. St. Rep. 517, the court says:

"Vested rights may be created either by the common law, by statute, or by contract, and it makes no difference as to the method of their creation; they are entitled to the same protection."

It cannot be disputed that when Irene Stewart married, the statute then in force gave her the absolute right to sell and convey this property. And it is almost universally held that, "The right to sell and convey is a property right," and one of the highest privileges and dearest rights connected with ownership. In fact it is the one right which gives the thing owned its greatest value. Rigney v. Chicago, 102 Ill. 64; People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707; Bruce v. Strickland, 81 N. C. 267. And Judge Story in Society v. Wheeler, 2 Gall. 105 Fed. Cas. No. 13, 156, says:

"* * * Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective."

Section 54, art. 5, of the Constitution of Oklahoma, among other things, provides that the repeal of a statute shall not "affect any accrued right." Under the act of 1897 did not the right of Irene Stewart to sell and convey this land accrue upon her marriage? And was not that right under that statute as absolute as if she had attained her majority? We think so. Then, if that be true, there is no question that it was beyond the power of the Legislature to impair or take that right away from her, after it had accrued, by repealing the statute by which the right did accrue and had been conferred. We think the doctrine announced by Judge Story in Society v. Wheeler, supra, is sound, which is to the effect that upon principle every statute which takes away or impairs "vested rights" acquired under existing laws, imposes a new duty, or attaches a new disability, must be deemed retrospective. To hold otherwise would leave us at sea, and place it within the power of the Legislature at will to disturb, and even destroy, by subsequent legislation rights which had accrued under existing laws. The distinction, however, between "vested rights" and "statutory privileges" should at all times be borne in mind; for as stated by Judge Cooley:

"The citizen has no vested right in statutory privileges and exemptions. Among these may be mentioned exemptions from the performance of public duties upon juries, or in the militia, and the like; exemptions of property or person from assessment for the purposes of taxation; exemptions of property from being seized on attachment, or execution, or for the payment of taxes; exemption from highway labor, and the like. All these rest upon reasons of public policy, and the laws are changed as the varying circumstances seem to require. The state demands the performance of military duty by those persons only who are within certain specified ages; but if, in the opinion of the Legislature, the public exigencies should demand military service from all other persons capable of bearing arms, the privilege of exemption might be recalled, without violation of any constitutional principle. * * * So a license to carry on a particular trade for a specified period may be recalled before the period has elapsed." Cooley's Constitutional Limitations (7th Ed.) p. 546.

But, a "vested right" is the power to perform certain actions or to possess certain things lawfully, and is substantially a property right; and when it has been once conferred or becomes absolute by contract or existing laws, it is protected from invasion by the Legislature, by those provisions in the Constitution which apply to such rights. In State v. Julow, 129 Mo. 163, 31 S. W. 781, 29 L. R. A. 257, 50 Am. St. Rep. 443, Justice Sherwood, in discussing this question, says that property is placed in the Constitution in the same category with liberty and life. And "where rights of property are admitted to exist, the Legislature cannot say they shall exist no longer"; that if it were otherwise—

"the Constitution would then mean that no person shall be deprived of his property or rights unless the Legislature shall pass a law to effectuate the wrong; and this would be throwing the restraint entirely away."

And in Gladney v. Sydnor, supra, it is held that:

"A failure to exercise a vested right before the passage of a subsequent statute which seeks to divest it in no wise affects or lessens that right." Trustees of Presbytery of Jersey City v. Trustees of First Presbyterian Church, 80 N. J. Law, 572, 78 Atl. 207; Graham v. Great Falls Water Power & Townsite Co., 30 Mont. 393, 76 Pac. 808; Evans-Snider-Buel Co. v. McFadden, 105 Fed. 293, 44 C. C. A. 494, 58 L. R. A. 900; Downs v. Blount, 170 Fed. 15, 95 C. C. A. 289, 31 L. R. A. (N. S.) 1076; National Bank of Commerce v. Jones, 18 Okla. 555, 91 Pac. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041; Lohrstorfer v. Lohrstorfer, 140 Mich. 551, 104 N. W. 142, 70 L. R. A. 621; Marshall et al. v. M. E. and S. V. King et al., 24 Miss. 85.

We are therefore forced to the conclusion

that the 1909 statute could not be retroactive and take away a right that had already accrued, but was only prospective; and consequently did not affect the accrued right of Irene Stewart to convey her real estate, since that right had accrued to her under an existing law, before the passage of the 1909 act. Even where a legislative act affects only forms of procedure and statutory privileges, the general rule, and the one adopted by this court, is that, even those statutes are not retrospective, but must—

"Be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect." Good et al. v. Keel et al., 29 Okla. 325, 116 Pac. 777. Rolater v. Strain, 31 Okla. 58, 119 Pac. 992; Bell v. Bearman, 37 Okla. 645, 133 Pac. 188.

Since we have reached the conclusion that the 1909 statute was not and could not be retrospective, and therefore the deed of Irene Stewart to Crump was valid and binding, it inevitably follows that she could not have recovered in her suit to cancel that deed, therefore the defendants in error. plaintiffs below, cannot prevail in this suit. Having reached this conclusion, we deem it unnecessary to consider the other questions raised, but think for the reasons above stated the judgment should be reversed.

By the Court: It is so ordered.