**SUNRAY DX OIL COMPANY et al.,
Plaintiffs in Error,**

v.

**Rogers L. COLE and Teressa Cole, husband
and wife, Defendants in Error.**

**No. 41559.**

Supreme Court of Oklahoma.

Dec. 5, 1967.

As Corrected and Rehearing Denied
June 3, 1969.

Order Issuing Mandate June 9, 1969.

Certiorari Denied Nov. 10, 1969.
See 90 S.Ct. 223.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, C. Harold Thweatt, Oklahoma City, Montgomery & Montgomery, Purcell, M. Darwin Kirk, J. P. Greve, John F. Curran, Tulsa, Walker, Lawrence & Harris, Max H. Lawrence, Oklahoma City, for plaintiffs in error.

Bingaman & Smith, George Bingaman, Purcell, for defendants in error.

IRWIN, Vice Chief Justice.

The parties will be referred to as they appeared in the trial court.

Plaintiffs commenced the action for the termination of an oil and gas lease for failure to pay delay rentals. Defendants' defense was that it was not required to pay delay rentals to keep the lease in force and effect for the reason that a producing well had been drilled within a spacing unit established by the Corporation Commission and a portion of the leased premises was within such spacing unit. The trial court terminated the lease and defendants appealed from the order overruling their motion for a new trial.

### FACTS

Plaintiffs were the owners of a mineral interest in part of the NW¼ and SW¼ of a section of land. On June 13, 1962, plaintiffs executed an oil and gas lease to one of the defendants and by subsequent assignments the other defendants acquired various interests therein. The lease was for a primary term of five years with the usual "thereafter" clause and provided for payment of delay rentals in lieu and development. Two provisions were deleted in the lease by drawing lines through the provisions in the printed lease. The first deletion was in the pooling clause where the language permitting voluntary pooling into units exceeding 40 acres was stricken. The second deletion was the entire paragraph containing this language: "All express or implied covenants of this lease shall be subject to all Federal and State Laws, Executive Orders, Rules and Regulations, and this lease shall not be terminated, in whole or in part, nor lessee held liable in damages, for failure to comply therewith, if compliance is prevented by, or such failure is the result of any such Law, Order, Rule or Regulation."

In October, 1962, a well in the NE¼ of the section had been completed and was producing gas and gas condensate from the Osborne formation. In March, 1963, and prior to the time any delay rentals were due plaintiffs, the Corporation Commission entered an order establishing 320 acre drilling and spacing units for the production of gas and gas condensate from the

Osborne formation underlying the section. A portion of the leased premises is located within the 320 acre spacing unit where the productive well is located but the well is not located on the leased premises. On the anniversary date of the lease, i. e., June 13, 1963, no delay rentals had been paid nor had a well been commenced upon the lands covered by the lease.

The trial court found in its conclusions of law that:

"* * *.

"11. The lease in this case, having not been extended by the commencement of a well thereon within the primary period, and not having been extended by the payment of delay rentals, is not extended as a 'producing lease' by reason of State rules and regulations having been specifically excluded by the parties from their contract.

"12. The valid action of the Corporation Commission of Oklahoma having not excused performance of the terms of the lease, and lessees having not commenced a well on the lease or extended the time by payment of delay rentals, the lease is adjudged terminated as having expired by its own terms, is ordered cancelled and plaintiff's title quieted, * *."

## ISSUE

If the two deletions in the oil and gas lease had not been made, under the authority of Trawick v. Castleberry, Okl., 275 P. 2d 292; Layton v. Pan American Petroleum Corporation, Okl., 383 P.2d 624; and Oklahoma Natural Gas Company v. Long, Okl., 406 P.2d 499, the productive well on the 320 acre spacing and drilling unit established by the Corporation Commission relieved the defendants from paying delay rentals to keep the lease in force and effect since part of the leased premises is within the 320 acre spacing unit. Therefore, the fundamental issue presented is the force and effect of the two deletions in the oil and gas lease.

If by such deletions, the drilling of the productive well on the 320 acre spacing unit established by the Corporation Commission which included a portion of the leased premises, did not relieve the defendants from paying delay rentals to keep the lease in force and effect, the judgment of the trial court should be affirmed.

On the other hand, if the drilling of the productive well on the 320 acre spacing unit did relieve the defendants from paying the delay rentals to keep the lease in force and effect, notwithstanding the two deletions in the oil and gas lease, the judgment of the trial court should be reversed.

## CONCLUSIONS

Plaintiffs did not seek a rescission of the oil and gas lease and their cause of action is based entirely on the proposition that the lease terminated for failure to pay delay rentals.

Plaintiffs concede that the parties could not by contract limit the powers of the Corporation Commission to enter spacing orders for the conservation of oil and gas. They also recognize that under the provisions of Title 52 O.S.1961, § 87.1(d), after the Corporation Commission entered the drilling and spacing order involved in the instant case, the drilling or operating of any well in violation of such order was prohibited. Plaintiffs argue, however, that there was nothing in the order which prevented defendants from paying delay rentals or from drilling on any portion of the leased premises, except that such order did prevent defendants from drilling a well into the Osborne formation in the NW¼.

What the defendants could have done under the terms of the lease without being in violation of the spacing order of the Corporation Commission is not the controlling issue. The controlling issue is whether the lease expired for failure to pay delay rentals. If defendants were relieved of paying delay rentals to keep the lease in force and effect, what defendants could have done is immaterial as defendants' defense is based upon compliance with the lease contract as modified by the spacing order and not upon an excuse for non-compliance.

Plaintiffs contend that defendants are estopped to plead as a defense to an express provision of its lease contract an ex parte spacing order obtained on its application without full disclosure of the facts to the Corporation Commission and without notice to them. To sustain this contention, plaintiffs argue that the lease prohibited pooling into units greater than 40 acres and to insure strict compliance with that provision, the so-called "regulatory" clause excusing performance by defendants if prevented by a regulatory order, was stricken from the lease, and, that if the spacing order prevented defendants from complying with the terms of the lease it has been by their own procurement and under the recognized principles of estoppel they can not plead such order as a defense.

The Corporation Commission had the authority and jurisdiction to enter the spacing order involved. It is a valid and binding order and has become final. Under the provisions of Title 52 O.S.1961, § 111, the same is not subject to collateral attack. The trial court also found that such order was not subject to collateral attack and plaintiffs did not challenge such finding by filing a cross-appeal. Whether defendants could rely on the spacing order and the production obtained thereunder as a defense in this action depends upon our determination of the fundamental issue herein presented, i. e., what is the force and effect of the two deletions in the oil and gas lease.

This issue is presented in plaintiffs' contention that the lease contract is controlling as to the rights and obligations of the parties and the spacing order was not a substitute for the lease contract; that the lease contract was clear and explicit and fixed precisely the conditions upon which its continuance depended; and that compliance with the conditions contained in the lease was not excused by the regulatory order of the Corporation Commission.

Plaintiffs cite Hanscome v. Coppinger, 183 Kan. 623, 331 P.2d 590, as controlling when the application of governmental regulatory orders are pleaded as a defense. In our opinion, the Hanscome case is not persuasive in the instant action. In Hanscome, the Kansas regulatory body had not exercised jurisdiction over the mineral interests involved. In the case at bar, the Corporation Commission had exercised its jurisdiction and entered its spacing order.

We will first determine the effect of deleting the so-called governmental "regulatory" clause in the oil and gas lease. The Supreme Court of Louisiana in considering the deletion of a printed clause in an oil and gas lease in Hood v. Southern Production Co., 206 La. 642, 19 So.2d 336, said:

"* * * The printed form of the lease contained a clause providing that if at the lessee should deem it advisable or any time during the period of the lease the lessee should deem it advisable or expedient to form a drilling unit or units to conform with spacing rules issued by the Conservation Commissioner or by any federal authority having control of such matters, or in order to conform with conditions imposed upon the issuance of drilling permits, the lessee should have the right to pool or combine the land covered by this lease, or any portion thereof, with any other land or lease or leases in the immediate vicinity, et cetera. Hood insisted upon deleting this printed clause in the form of lease —and it was deleted—because Hood refused to grant permission to the lessee to combine or pool the leased premises with other land or mineral interests for the purpose of forming a drilling or production unit. The deleting of this provision in the printed form of lease merely denied the lessee the right to consent to pooling the leased premises with other lands or mineral interests, but it did not, because it could not, interfere with the authority of the Commissioner of Conservation or with any federal authority, to compel the combining or utilizing of the leased premises with other land or lands or mineral interests for the purpose of forming a drilling unit, for the

prevention of waste and to avoid the drilling of unnecessary wells. * * *"

In the Hood case, as in the case at bar, the parties did not provide for the rights and obligations of the parties in the event a so-called governmental "regulatory" agency exercised its regulatory powers over the mineral rights involved.

■ In Layton v. Pan American Petroleum Corporation, Okl., 383 P.2d 624, we held the right of the Legislature to act under the police power of the state is a part of the existing law at the time of the execution of every contract, and as such becomes in contemplation of law a part of that contract. As a part of that existing law, the Corporation Commission had the power and authority under § 87.1(d) supra, to establish the drilling and spacing units in the instant proceedings whether the minerals were leased or unleased. When plaintiffs executed the oil and gas lease in question, their right to drill upon the leased premises for the purpose of producing oil or gas passed to the lessee (defendants). Defendants' rights to drill upon the leased premises were limited by the proper exercise of the State's police power. See Indian Territory Illuminating Oil Co. v. Larkins, 168 Okl. 69, 31 P.2d 608. Although defendants could not have voluntarily pooled the leased acreage into units exceeding 40 acres, the parties by contractual agreement could not limit the Corporation Commission from establishing drilling and spacing units in excess of the 40 acres. Landowners, Oil, Gas and Royalty Owners v. Corporation Commission, Okl., 420 P.2d 542. The Corporation Commission did establish such units. The oil and gas lease contained no provision whatsoever providing for the rights and obligations of the parties in the event the Corporation Commission did exercise its regulatory authority over the leased premises.

■ In view of the fact that the parties could not limit the authority of the Corporation Commission to exercise its regulatory control over the leased premises

and its authority to act became a part of the oil and gas lease, and the parties did not provide for the rights and obligations of the parties in the event the Corporation Commission exercised its regulatory authority, we can only conclude that deleting the so-called governmental "regulatory" provision neither enlarged nor diminished the rights and obligations of the parties. In other words, if the governmental "regulatory" provision in an oil and gas lease is deleted and the parties do not provide for their rights and obligations in the event the Corporation Commission does exercise its "regulatory" authority over the leased premises, the rights and obligations of the parties are the same as they would have been had the governmental "regulatory" provision not been deleted.

Since the deletion of the governmental "regulatory" provision did not change the rights and obligations of the parties, under the authority of Oklahoma Natural Gas Company v. Long, Okl., 406 P.2d 499, defendants were relieved from paying delay rentals to keep the lease in force and effect. Since defendants were not required to pay delay rentals to keep the lease in force, it is unnecessary to consider the effect of deleting the provision permitting voluntary pooling into units exceeding 40 acres.

Judgment reversed with directions to enter judgment for defendants.

JACKSON, C. J., and DAVISON, BERRY and LAVENDER, JJ., concur.

WILLIAMS, HODGES and McINERNEY, JJ., dissent.

IRWIN, Chief Justice.

### ORDER ISSUING MANDATE BUT STAYING ENFORCEMENT THEREOF

This cause is reached for consideration on the motion by defendants in error to stay the mandate of this Court pending the disposition by the Supreme Court of the

United States of America of appellate proceedings before said Court by defendants in error.

For good cause shown the mandate in this appeal is hereby ordered issued and it is further ordered stayed from enforcement in the trial court until September 1, 1969, pending the perfecting of an appeal by defendants in error to the Supreme Court of the United States of America and if such appeal shall stand perfected on or before September 1, 1969, enforcement of the mandate of this Court shall be further stayed until such time as the Supreme Court of the United States shall have rendered a final decision herein, or pending further order of this Court.

The stay hereby ordered shall be conditioned nevertheless upon the giving within 10 days from this date an undertaking to be approved by the Chief Justice of this Court in the penal sum of $1,000.00, conditioned upon the payment by defendants in error of all costs, interest and damage for delay should the appeal of defendants in error be not applied for, denied, dismissed, or judgment against defendants in error be affirmed in whole or in part.