2010 OK CIV APP 87

**MANUFACTURERS GUILD, INC.,**
**Plaintiff/Appellant,**

v.

**The CITY OF ENID, Oklahoma,**
**Defendant/Appellee.**

**No. 107,583.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 6, 2010.

Matthew N. Davis, Matthew Neill Davis, P.C., Enid, OK, for Plaintiff/Appellant.

Andrea L. Chism, Enid City Attorney, Enid, OK, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Judge.

¶1 This is an appeal from a judgment in equity in favor of The City Of Enid, Okla-

homa (City) and against Manufacturers Guild, Inc. (Owner), allowing demolition of Owner's building and denying Owner's injunctive request to prohibit its destruction and allow Owner to complete repairs.

## FACTS

¶ 2 Owner claimed its property was an historically significant building in downtown Enid, Oklahoma. In 2008, Owner began to repair its building after the demolition in May 2007 of an adjoining building Owner claims caused its building to begin to deteriorate. Owner was originally notified by City in May 2007 regarding the condition of its building as being a hazard. The record shows City building officials held ten "dilapidation hearings" regarding Owner's building, the first being November 28, 2007 and the last January 14, 2009, at which it was found to be dilapidated and ordered to be removed. The Mayor and Board of Commissioners for the City of Enid (City Council) affirmed that finding on February 19, 2009.

¶ 3 Owner filed his "Petition for Injunction and Temporary Injunction and Appeal from Ruling of the City Commission" in Garfield District Court on March 18, 2009, seeking to prohibit City from demolishing his building. A trial *de novo* was held July 31, 2009.

¶ 4 The record shows in March 2008, Owner retained the services of Geoffrey E. Brueggemann, P.E. (Engineer), who evaluated the building for repair and furnished City a report concerning intended repairs to the south and west walls, including material suggestions and product descriptions. His opinion given at the hearing held August 12, 2009 was that all but the south wall appeared to be structurally sound. Engineer estimated

at trial a reasonable time for repair to be six months. He further testified that as of August 12, 2009, the repairs had not been completed. A significant amount of repair was done after the demolition decree in February 2009.

¶ 5 The trial court found, relying on 11 O.S.Supp.2004 § 22–112,[1] City had carried its burden to prove the property had become dilapidated and was detrimental to the health, safety and welfare of the general public. The trial court found Owner had been given a reasonable opportunity to correct the problems but the building still met the definition and statutory requirements of a dilapidated structure and ordered its demolition. Owner appeals.

## STANDARD OF REVIEW

■■■ ¶ 6 Neither party identifies the proper standard of review for this appeal, which Owner brought from the district court's affirmance of a city council's decision to demolish Owner's building, which essentially denied Owner's injunctive relief request by affirming City's demolition order.[2] In a case of equitable cognizance, this Court must examine the record and weigh the evidence and will sustain a trial court's judgment on appeal unless it is found to be against the clear weight of the evidence or is contrary to law or established principles of equity. *Story v. Hefner*, 1975 OK 115, ¶ 12, 540 P.2d 562, 566. This case was tried to the court, sitting as a court of equity. He who seeks equity must do equity and come into court with clean hands. This applies with full force and effect to a suit to obtain an injunction. *Id.*, ¶ 26. "Likewise, the credibility of wit-

---

**1.** Pursuant to § 22–112(A), a municipal governing body may cause dilapidated buildings within the municipal limits to be torn down if the procedures set out in § 22–112(A)(1)–(3) and (B) are followed. "Dilapidated building" includes "a structure which through neglect or injury lacks necessary repairs or otherwise is in a state of decay or partial ruin to such an extent that the structure is a hazard to the health, safety, or welfare of the general public." *See* § 22–112(C)(1)(a).

**2.** District courts are also vested with reviewing jurisdiction by 12 O.S.2001 § 951 from judgments or final orders made "by any tribunal,

board or officer exercising *judicial* functions, and inferior in jurisdiction to the district court." (Emphasis added.) The Supreme Court has held that § 951 does not allow a trial *de novo* by the district court, as occurred in this case. *See Tuttle v. Pilant*, 1994 OK 141, 890 P.2d 874. We conclude City was not exercising a judicial function and therefore § 951 does not apply to this case. City's decision under § 22–112 is as exercise of its police power through a state statute, consistent with what the Court found in *Goodall v. City of Clinton*, 1945 OK 235, 196 Okla. 10, 161 P.2d 1011, an administrative decision.

nesses and the effect and weight to be given to their testimony are questions of fact to be determined by the trier of fact . . . and are not questions of law for the Supreme Court on appeal." *Hagen v. Independent School District No. I–004,* 2007 OK 19, ¶ 8, 157 P.3d 738, 740.

### ANALYSIS

■ ¶ 7 Owner first argues that error was committed when the trial court found the property was dilapidated and had become detrimental to the health, safety or welfare of the general public and the community. Owner relies on Engineer and his testimony that the property could be "habitable." Owner then makes a general argument that the evidence does not support a ruling that the property is a hazard to public health or safety. Owner disagrees with the trial court's finding concerning the risk to the public of falling bricks and argues any threat to the public has been rectified by repairs made by Owner.

¶ 8 City argues the evidence clearly supports a finding the building met § 22–112's statutory definition of "dilapidated," and that it posed a hazard to the health, safety and welfare of the general public.

¶ 9 The testimony at trial demonstrated by competent evidence significant repair delay and ten "dilapidation hearings." The property was in a significant state of decay and partial ruin to the extent that bricks were continuing to fall from time to time, the mortar was brittle and quickly degrading, the patio cover had not been replaced, and the stucco covering was falling off. Significantly, through lack of attention and repair to the south wall, some bricks were deteriorating so quickly, they had fallen off and damaged parked vehicles. Owner testified he followed his engineer's recommendation and tried to repair the front of the building by taking out one of the ceilings first, installing anchors with epoxy and tried to pull it all together. The result was that "I exploded part of the wall." As a result, on a couple of occasions parts of that wall fell landing on the sidewalk. Owner has not demonstrated an abuse of discretion, and based on our review of the record, we cannot conclude the

trial court's decision is clearly contrary to the weight of the evidence.

### CONSTITUTIONAL ISSUES

■ ¶ 10 Owner asserts due process constitutional issues on appeal. He challenges § 22–112 as violative of Article 5, §§ 52 and 54 of the Oklahoma Constitution. It argues City's action ". . . operates to deprive Appellant of a vested right. A 'vested right' is the power to do certain actions or possess certain things lawfully and is substantially a property right. Once created, such a right is protected from legislative or governmental invasion, except by Due Process of Law," relying on *Ricks Exploration v. Oklahoma Water Resources Board,* 1984 OK 73, 695 P.2d 498. Under this reasoning, Owner argues City's actions were a sufficient interference with its use and enjoyment of its building to constitute an unconstitutional taking.

■ ¶ 11 Owner's second constitutional challenge is a governmental "land use" argument. Owner argues *April v. City of Broken Arrow,* 1989 OK 70, 775 P.2d 1347, holds a ". . . governmental land-use regulation *may* amount to an actual or de facto taking [i]f there is an overt act by governmental agencies resulting in an assertion of dominion and control over property." (Emphasis added.) Even though City points out these constitutional propositions were first raised on appeal and should not be considered, as this appeal asserts a due process violation, this court can exercise independent judgment in deciding the constitutional question raised without deference to the trial court ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Jones, et al. v. Integris Baptist Medical Center,* 2008 OK CIV APP 14, 178 P.3d 191.

### ANALYSIS

■ ¶ 12 We first note Owner cites to Art. 5, §§ 52 and 54 of the Oklahoma Constitution. We find this common-law "vested right" challenge to be without merit. As City correctly points out, "a 'vested right' is the power to perform certain actions or to possess certain things lawfully. . . ." *Crump v. Guyer,* 1916 OK 254, ¶ 17, 60 Okla. 222,

157 P. 321. Ownership or the right to possess and control this building is not the issue. The issue is the Art. 2, § 7 "Due process of law" clause and unlawful taking verses state and municipal police power. More specifically, we are concerned with (1) whether § 22–112 is a lawful exercise of police power as applied by City in this case, so as to not violate Art. 2, §§ 23 or 24 as a taking without just compensation and (2) if Owner was afforded a constitutionally sound process and opportunity to challenge and be heard.

¶ 13 This Court has previously found this statute to be constitutionally sound in the context of a police power regulation. We found property owners in urban areas must keep their property at a minimum standard so as not to endanger the health and safety of themselves and their neighbors. "Dilapidated structures may be fire hazards, become homes for rats and other wild animals and constitute potential for injury to humans. The state has a significant interest in regulation of the public's health and safety without the requirement of emergency. The regulation is legitimate because the state is exercising its police power and not providing a benefit to special interests." *Wade v. City of Oklahoma City*, 1994 OK CIV APP 17, ¶ 9, 873 P.2d 1057, (citing *Energy Reserves Group, Inc. v. Kansas Power and Light Company*, 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983)). Therefore, we find Owner's constitutional challenge in this context to be without merit.

¶ 14 In addition, Owner argues and we must address, that § 22–112 is really a land-use regulation. Relying on *April, supra,* citing *Mattoon v. City of Norman,* 1981 OK 92, 633 P.2d 735, Owner equates this statute with land-use regulation ordinances, arguing it is such an interference with the landowner's use and enjoyment of its property so as to constitute a taking without just compensation. This statute is not a land-use ordinance. We only address this argument because the *April* court pointed out that a land-use ordinance in that case, is not a per se taking, but might amount to a taking " ... if there is an overt act by the governmental agency resulting in an assertion of dominion and control over the property." *Id.,* at ¶ 14.

Arguably an application in this case of the police power statute to regulate land use. City appropriately points to the constitutional "rational basis test" discussion in *April* which is relevant to this case:

> In balancing the private and public interests herein, Owner's potential use of all property, under our system of government, is subordinate to the right of City's reasonable regulations, ordinances, and all similar laws that are clearly necessary and bear a rational relation to preserving the health, safety, and general welfare of the residents of Broken Arrow.

*Id.,* at ¶ 19.

¶ 15 Section 22–112 is a constitutionally permissible police power statute enacted to protect the health, safety and welfare of the general public. It is rationally related to this goal, satisfies the rational basis test, is clear and unambiguous in its purpose, and therefore does not constitute an unconstitutional taking. This argument is also without merit.

■ ¶ 16 Finally, we find the police power process exercised by City and as applied to Owner satisfied constitutional due process. Due process provisions in the statute itself provides for at least ten days notice to be given to the property owner. § 22–112(1). It provides for a hearing. § 22–112(2). These are fundamental due process requirements afforded to and fully utilized by Owner. In addition, Owner received extra notifications and City conducted ten "dilapidation" review hearings before city staff actually declared the property to be dilapidated and recommended demolition. Adverse determination appeal process was utilized by Owner to the city council, hearing held, and city staff determination upheld. Finally, district court appeal trial *de novo* affirmation resulted in this appeal. Constitutional procedural due process was satisfied in this case.

¶ 17 Sufficient competent evidence was submitted to the non-jury fact finder in a trial *de novo,* and we grant deference to the trial court's determinations. We find the trial court's findings are not clearly against the weight of the evidence, contrary to law or

established principles of equity and **AF-FIRM.**

BUETTNER, P.J., and HANSEN, J., concur.